CHARLENE M. MORROW (CSB NO. 136411)
cmorrow@fenwick.com
VIRGINIA K. DEMARCHI (CSB NO. 168633)
vdemarchi@fenwick.com
TODD R. GREGORIAN (CSB NO. 236096)
tgregorian@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, California  94041
Telephone:   (650) 988-8500
Facsimile:    (650) 938-5200

Attorneys for Plaintiff
INFOBLOX INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

<table>
<tr><td>INFOBLOX INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>BLUECAT NETWORKS (USA), INC., and BLUECAT NETWORKS, INC.,<br><br>        Defendants.</td><td>Case No. SACV10-1962 JVS (MANx)<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE PARTIES' STIPULATION**<br><br>Judge:  Hon. James V. Selna<br><br>[DISCOVERY DOCUMENT: REFERRED TO MAGISTRATE JUDGE MARGARET A. NAGLE]<br><br>[NO HEARING REQUIRED]<br><br>Filing Date:<br>Trial Date:     None Set</td></tr>
</table>

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the parties' Stipulated Protective Order, filed on July 1, 2011, Supplemental Protective Order Re Source Code, filed on July 27, 2011, and Second Supplemental Stipulation for Protective Order, filed on September 16, 2011 (collectively, the "Stipulation"), the terms of the protective order to which the parties have agreed are

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   adopted as a protective order of this Court (which generally shall govern the pretrial

2   phase of this action) except to the extent, as set forth below, that those terms have

3   been substantively modified by the Court's amendment of Paragraphs 1, 3, 5, 7, 9,

4   and 11 of, and Exhibit A to, the Stipulation.

5        The parties are expressly cautioned that the designation of any information,

6   document, or thing as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

7   ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL – SOURCE CODE,"

8   or other designation(s) used by the parties, does not, in and of itself, create any

9   entitlement to file such information, document, or thing, in whole or in part, under

10  seal.  Accordingly, reference to this Protective Order or to the parties' designation

11  of any information, document, or thing as "CONFIDENTIAL," "HIGHLY

12  CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY CONFIDENTIAL

13  – SOURCE CODE," or other designation(s) used by the parties, is wholly

14  insufficient to warrant a filing under seal.

15       There is a strong presumption that the public has a right of access to judicial

16  proceedings and records in civil cases.  In connection with non-dispositive motions,

17  good cause must be shown to support a filing under seal.  The parties' mere

18  designation of any information, document, or thing as "CONFIDENTIAL,"

19  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," "HIGHLY

20  CONFIDENTIAL – SOURCE CODE," or other designation(s) used by parties,

21  does not -- **without the submission of competent evidence, in the form of a**

22  **declaration or declarations, establishing that the material sought to be filed**

23  **under seal qualifies as confidential, privileged, or otherwise protectable** --

24  constitute good cause.

25       Further, if sealing is requested in connection with a dispositive motion or

26  trial, then compelling reasons, as opposed to good cause, for the sealing must be

27  shown, and the relief sought shall be narrowly tailored to serve the specific interest

28  to be protected.  *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

## **<u>TERMS OF PROTECTIVE ORDER</u>**

1.      [OMITTED BY THE COURT]

2.      <u>DEFINITIONS</u>

2.1.    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this **Protective** Order.

2.2.    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3.    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

2.4. <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.5. <u>Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6. <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who: (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action; (2) is not a past or current employee of a Party or of a Party's competitor; and (3) at the time of retention and for the duration of his or her engagement, is not anticipated to become an employee of a Party or of a Party's direct competitor.

2.7. <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: extremely sensitive **"CONFIDENTIAL"** Information or Items, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8. <u>"HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items</u>: extremely sensitive **"CONFIDENTIAL"** Information or Items representing or including computer code and associated comments and revision histories, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9. <u>House Counsel</u>: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

4

2.11.  <u>Outside Counsel of Record</u>:  attorneys who are not employees of a **P**arty to this action but are retained to represent or advise a **P**arty to this action and have appeared in this action on behalf of that **P**arty or are affiliated with a law firm which has appeared on behalf of that **P**arty.

2.12.  <u>Party</u>:  any **P**arty to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staff(s)).

2.13.  <u>Producing Party</u>:  a Party or Non-Party that produces Discovery Material in this action.

2.14.  <u>Professional Vendors</u>:  persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15.  <u>Protected Material</u>:  any Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.16.  <u>Receiving Party</u>:  a Party that receives Discovery Material from a Producing Party.

2.17.  <u>Reviewing Party</u>:  a Party that reviews Discovery Material provided for inspection by a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this **Protective** Order cover not only Protected Material (as defined above), but also:  (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any **deposition** testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this **Protective** Order do not cover the following information:  (a) any information that is in the public

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

domain at the time of disclosure to a Receiving Party or becomes part of the public

domain after its disclosure to a Receiving Party as a result of publication not

involving a violation of this **Protective** Order, including becoming part of the

public record through trial or otherwise; and (b) any information known to the

Receiving Party prior to the disclosure or obtained by the Receiving Party after the

disclosure from a source who obtained the information lawfully and under no

obligation of confidentiality to the Designating Party.  Any use of Protected

Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality

obligations imposed by this **Protective** Order shall remain in effect until a

Designating Party agrees otherwise in writing or a court order otherwise directs.

Final disposition shall be deemed to be the later of:  (1) dismissal of all claims and

defenses in this action, with or without prejudice; **or** (2) final judgment herein after

the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews

of this action, including the time limits for filing any motions or applications for

extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1.    Exercise of Restraint and Care in Designating Material for

Protection.  Each Party or Non-Party that designates **information, oral or written**

**communications, documents, items, or things** for protection under this

**Protective** Order must take care to limit any such designation to specific material

that qualifies under the appropriate standards.  To the extent it is practical and not

unduly burdensome to do so, the Designating Party must designate for protection

only those parts of **communications, documents, items, or things** that qualify --

so that other portions of the **communications, documents, items, or things** for

which protection is not warranted are not swept unjustifiably within the ambit of

this **Protective** Order.

6

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information, **communications, documents, items, or things** that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this **Protective** Order (*see, e.g.*, **the** second paragraph of Section 5.2(a) and **the** second paragraph of Section 5.2(b) below), or as otherwise stipulated or ordered, Discovery Material that qualifies for protection under this **Protective** Order must be clearly so designated before the **information, communication, document, item, or thing** is disclosed or produced.

Designation in conformity with this **Protective** Order requires:

(a) <u>for information in documentary image form</u> (*e.g.*, paper or electronic documents, but excluding documents produced in native form pursuant to the **P**arties' agreement regarding electronically stored information, and transcripts of depositions), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains **P**rotected **M**aterial.

A Party or Non-Party that makes original documents**, items, or things** available for inspection need not designate them for protection until after the inspecting Party has indicated which **document, item, or thing** it would like copied and produced. During the inspection and before the designation, all of the

**documents, items, and things** made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents, **items, or things** it wants copied and produced, the Producing Party must determine which documents, **items, or things,** or portions thereof, qualify for protection under this **Protective** Order. Then, before producing the specified documents, **items, or things,** the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material.

(b)     for testimony given in deposition, that the Designating Party identif**ies** on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.

(c)   for information produced in some form other than documentary form and for any other tangible items **or things**, including electronic materials produced in native electronic format, that the Producing Party affix in a prominent place on the exterior of the CD, DVD, hard drive, container in which the information or item is stored, or the item itself, etc., the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

5.3.   Inadvertent Failures to Designate.  A failure to designate qualified information or items or designating qualified information or items at a lower designation than to which they are entitled does not, standing alone, waive the Designating Party's right to secure protection under this **Protective** Order for such material provided that the Designating Party timely corrects such designation upon learning of the lack of designation or the incorrect designation.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this **Protective** Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1.   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2.   Meet and Confer.  The Challenging Party shall initiate the

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

9

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 5 court days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3.    <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion to remove or reduce confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 79-5, if applicable).  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

      The burden of persuasion in any such challenge proceeding shall be on the Designating Party or the Party wishing to retain the confidentiality designation.  Frivolous challenges or frivolous oppositions to a challenge proceeding, and challenges made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the culpable Party to sanctions.  Unless the Designating Party has expressly waived the confidentiality designation,

1   all parties shall continue to afford the material in question the level of protection to

2   which it is entitled under the Designating Party's designation until the court rules

3   on the challenge.

4        7.        ACCESS TO AND USE OF PROTECTED MATERIAL

5        7.1.   Basic Principles.  A Receiving Party may use Protected Material

6   that is disclosed or produced by another Party or by a Non-Party in connection with

7   this case only for prosecuting, defending, or attempting to settle this litigation.

8   Such Protected Material may be disclosed only to the categories of persons and

9   under the conditions described in this **Protective** Order. When the litigation has

10   been terminated, a Receiving Party must comply with the provisions of Section 15

11   below (FINAL DISPOSITION).

12        Protected Material must be stored and maintained by a Receiving Party

13   at a location and in a secure manner that ensures that access is limited to the

14   persons authorized under this **Protective** Order.

15        7.2.   Disclosure of "CONFIDENTIAL" Information or Items.  Unless

16   otherwise ordered by the court or permitted in writing by the Designating Party, a

17   Receiving Party may disclose any information or item designated

18   "CONFIDENTIAL" only to:

19              (a)      the Receiving Party's Outside Counsel of Record in this

20   action, as well as employees of said Outside Counsel of Record to whom it is

21   reasonably necessary to disclose the information, **document, item, or thing** for this

22   litigation;

23              (b)      the officers, directors, and employees (including House

24   Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this

25   litigation and who have signed the "Acknowledgment and Agreement **T**o Be

26   Bound" (Exhibit A);

27              (c)      Experts (as defined in this **Protective** Order) of the

28   Receiving Party, as well as employees of said Experts, to whom disclosure is

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   reasonably necessary for this litigation and who have signed the "Acknowledgment

2   and Agreement **T**o Be Bound" (Exhibit A);

3               (d)     the **C**ourt and its personnel;

4               (e)     court reporters and their staff,

5               (f)     professional jury or trial consultants and Professional

6   Vendors to whom disclosure is reasonably necessary for this litigation and who

7   have signed the "Acknowledgment and Agreement **T**o Be Bound" (Exhibit A);

8               (g)     during their depositions, witnesses in the action to whom

9   disclosure is reasonably necessary and who have signed the "Acknowledgment and

10  Agreement **T**o Be Bound" (Exhibit A), unless otherwise agreed by the Designating

11  Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits

12  to depositions that reveal Protected Material must be separately bound by the court

13  reporter and may not be disclosed to anyone except as permitted under this

14  Protective Order.

15              (h)     the author or recipient of a document containing the

16  information or a custodian or other person who otherwise possessed or knew the

17  information, **document, item, or thing**.

18         7.3.   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS'

19  EYES ONLY" and "HIGHLY CONFIDENTIAL – SOURCE CODE" Information

20  or Items.  Unless otherwise ordered by the court or permitted in writing by the

21  Designating Party, a Receiving Party may disclose any information, **document,**

22  **item, or thing** designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

23  ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

24              (a)     the Receiving Party's Outside Counsel of Record in this

25  action, as well as employees of said Outside Counsel of Record to whom it is

26  reasonably necessary to disclose the information, **document, item or thing** for this

27  litigation;

28              (b)     Experts of the Receiving Party, as well as employees of

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

said Experts**:** (1) to whom disclosure is reasonably necessary for this litigation; (2) who have signed the "Acknowledgment and Agreement **T**o Be Bound" (Exhibit A)**;** and (3) as to whom the procedures set forth in paragraph 7.4(a), below, have been followed with respect to said Expert;

(c) the **C**ourt and its personnel;

(d) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement **T**o Be Bound" (Exhibit A); and

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise knew the information **or possessed the document, item, or thing.**

7.4. <u>Procedures for Approving or Objecting to Disclosure of</u> <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY</u> <u>CONFIDENTIAL – SOURCE CODE" Information or Items to Experts</u>.

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this **Protective** Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that**:** (1) sets forth the full name of the Expert and the city and state of his or her primary residence**;** (2) attaches a copy of the Expert's current resume**;** (3) identifies the Expert's current employer(s) **;** (4) identifies the employment history of that Expert in his or her areas of expertise for the preceding five years;[1] (5) to the extent not already disclosed, identifies any work

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information, **document, item, or thing** the Expert believes can be disclosed without violating any confidentiality agreements, and the Party

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

by the Expert on behalf of any competitor to the Designating **P**arty at any time during the preceding five years**;** and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A Party that makes a request and provides the information**, document, item, or thing** specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 5 business days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Local Civil Rule 7 (and in compliance with Local Civil Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the **P**arties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert

seeking to disclose to the Expert shall be available to meet and confer with the designating Party regarding any such engagement.

1   shall bear the burden of proving that the risk of harm that the disclosure would

2   entail (under the safeguards proposed) outweighs the Receiving Party's need to

3   disclose the Protected Material to its Expert.

4         8.     PROSECUTION BAR

5         Absent written consent from the Producing Party, any individual who

6   receives access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

7   or "HIGHLY CONFIDENTIAL – SOURCE CODE" information shall not be

8   involved in the prosecution of patents or patent applications relating to Covered

9   Technologies.  "Covered Technologies" shall mean network configuration

10   information management, including without limitation technology that provides

11   automated delivery, updating, or management of network configuration

12   information, including without limitation domain name services ("DNS"), dynamic

13   host configuration protocol services ("DHCP"), Internet Protocol address

14   management services ("IPAM"), network visualization, and network discovery.

15   However, a patent or application shall not be deemed to be related to Covered

16   Technologies if the patent or application relates to network switching or routing,

17   bandwidth scheduling or allocation, power management, network quality-of-service

18   support, content delivery, or service-level agreements, and does not cover DNS,

19   DHCP, or IPAM services.

20         For purposes of this paragraph, "prosecution" includes directly or

21   indirectly drafting, amending, advising, or otherwise affecting the scope or

22   maintenance of patent claims.[2]  Nothing in the foregoing, however, shall preclude

23   any individual who receives access to "HIGHLY CONFIDENTIAL –

24   ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

25   CODE" from participating on behalf of a party from litigating the scope,

26   infringement, validity, or enforceability of any patent in any court or from

27

28

---

[2]      Prosecution includes, for example, original prosecution, reissue and reexamination proceedings.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  ***challenging*** the validity of an issued patent held by another through reexamination

2  proceedings before the Patent Office.  This Prosecution Bar shall begin when access

3  to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

4  CONFIDENTIAL – SOURCE CODE" information is first received by the affected

5  individual and shall end two (2) years after final termination of this action

6       9.    <u>SOURCE CODE</u>

7       (a)    The **P**arties have agreed to exchange source code

8  regarding each **P**arty's respective products at issue.  Each Producing Party may

9  designate source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" if it

10  comprises or includes confidential, proprietary**,** or trade secret source code.

11       (b)    Protected Material designated as "HIGHLY

12  CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections

13  afforded to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

14  information, including the Prosecution Bar set forth in Paragraph 8, and may be

15  disclosed only to the individuals to whom "HIGHLY CONFIDENTIAL –

16  ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in

17  Paragraphs 7.3 and 7.4.

18       (c)    Source code is to be produced as follows:

19       (c)(1)    The Designating Party shall produce the source code and all

20  related files in native format and broken out by version number and, if applicable,

21  product name and/or product model number.  The Designating Party shall identify

22  or supply software and/or programming tools that can be used to view and compile

23  the source code.  Should the Receiving Party have reason to compile source code

24  that includes source code produced by the Designating Party and/or create

25  executables from such source code, the Parties shall confer as needed regarding

26  whether compiling such code or creating such executables can be accommodated

27  and, if so, how.

28       (c)(2)    The production of a given version of source code and related

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

16

files shall preserve all file names, directory names, and directory structures.

(c)(3)      The Designating Party shall produce source code and related files designated "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to this Protective Order on an encrypted CD(s), DVD(s), hard drive(s), virtual drive(s), or other media.

(c)(4)      To the extent that total compliance with Paragraphs 9(c)(1) and 9(c)(2) would be infeasible or burdensome for a Designating Party with respect to non-source-code documents or information (*e.g.*, with respect to source code management or revision system files), the Designating Party and Receiving Party will discuss solutions wherein the documents or information are produced electronically and reasonably in compliance with Paragraphs 9(c)(1) and 9(c)(2). This Paragraph does not exempt production of source code from compliance with Paragraphs 9(c)(1) and 9(c)(2).

(c)(5)      Paragraphs 9(c)(1) through 9(c)(4) apply to the extent the source-code document or file related to source code is available to the Designating Party in native format.  If the document is not available in native format (because, *e.g.*, it is a printout of source code with handwritten remarks), the document may be produced in accordance with the Parties' agreements, and any orders by this Court, regarding other types of documents.

(d)      To the extent any Receiving Party (apart from the persons identified in Paragraph 7.3(c), *i.e*., the Court and its personnel) electronically maintains "HIGHLY CONFIDENTIAL – SOURCE CODE", such Receiving Party shall maintain such "HIGHLY CONFIDENTIAL – SOURCE CODE" solely at the offices of Outside Counsel for the Receiving Party on an CD(s), DVD(s), hard drive(s), virtual drive(s) or other media, that is encrypted using commercially reasonable encryption technology.  Access to the password(s) or decryption key(s) used to unlock the encrypted media shall be restricted and such password(s) or decryption key(s) shall be stored securely.  Upon reasonable request, the Receiving

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   Party shall provide the Designating Party with a list of the persons with access to

2   such password(s) or decryption key(s).  Regardless of the encryption tool used, the

3   Receiving Party must – except as otherwise specifically provided below – keep the

4   "HIGHLY CONFIDENTIAL – SOURCE CODE" in an encrypted state whenever

5   not being actively used for this litigation.  For example, if the encryption tool

6   TrueCrypt is used, the Receiving Party shall maintain the "HIGHLY

7   CONFIDENTIAL – SOURCE CODE" in a TrueCrypt container / volume, which

8   will ensure that the "HIGHLY CONFIDENTIAL – SOURCE CODE" is only

9   decrypted in random-access memory (RAM); additionally, the Receiving Party

10  shall only mount the TrueCrypt volume containing the "HIGHLY

11  CONFIDENTIAL – SOURCE CODE" to a drive as needed to review the code;

12  when a review session is over, the volume will be dismounted.

13          (e)      Regardless of how a Designating Party produces

14  "HIGHLY CONFIDENTIAL – SOURCE CODE," the Receiving Party **(apart

15  from the persons identified in Paragraph 7.3(c), *i.e.*, the Court and its

16  personnel)** shall store any "HIGHLY CONFIDENTIAL – SOURCE CODE" in a

17  locked location solely at the office of Outside Counsel for the Receiving Party.

18  Access to the key(s) used to unlock any such location shall be restricted and, upon

19  reasonable request, the Receiving Party shall provide the Designating Party with a

20  list of the persons who have had access to such key(s).  The location must be

21  marked with an "Access Restricted" notice.  The Receiving Party shall maintain a

22  log of all persons with access to the location to view "HIGHLY CONFIDENTIAL

23  – SOURCE CODE" and shall provide a copy of the log to the Designating Party

24  upon request if the Designating Party has a justifiable belief that "HIGHLY

25  CONFIDENTIAL – SOURCE CODE" has been improperly disclosed.

26          (f)      The Receiving Party **(apart from the persons identified

27  in Paragraph 7.3(c), *i.e.*, the Court and its personnel)** shall electronically access

28  such "HIGHLY CONFIDENTIAL – SOURCE CODE" only from a computer that

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

18

1  is not connected to the Internet or a network, that is password-protected and that is

2  kept in a locked location as described in Paragraph 9(e).  The password(s) used to

3  protect any such computer shall be stored securely and access to such password(s)

4  shall be restricted to the same individuals who have access to the password(s) or

5  decryption key(s) used to unlock encrypted media.

6          (g)     The Receiving Party **(apart from the persons identified**

7  **in Paragraph 7.3(c),** *i.e.***, the Court and its personnel)** may print limited portions

8  of "HIGHLY CONFIDENTIAL – SOURCE CODE" as reasonably necessary to

9  facilitate the Receiving Party's furtherance of its claims and defenses in this case.

10  Each page printed from "HIGHLY CONFIDENTIAL – SOURCE CODE" shall

11  bear the notice "HIGHLY CONFIDENTIAL – SOURCE CODE."  The Receiving

12  Party may print a total of 50 pages from "HIGHLY CONFIDENTIAL – SOURCE

13  CODE."  Upon reasonable request of the Designating Party, the Receiving Party

14  will provide written confirmation of the number of total pages printed by the

15  Receiving Party "HIGHLY-CONFIDENTIAL - SOURCE CODE."  The Receiving

16  Party may request, in writing, permission the Designating Party to print additional

17  pages.  The Designating Party may withhold such permission only for good cause.

18  While nothing in this Protective Order prevents the Parties from including

19  "HIGHLY CONFIDENTIAL – SOURCE CODE" in court filings made under seal

20  or from preparing exhibits including "HIGHLY CONFIDENTIAL – SOURCE

21  CODE" to be used in expert reports or at depositions, hearings, trial, mediation or

22  other proceedings in this case, both parties will include information designated

23  "HIGHLY CONFIDENTIAL – SOURCE CODE" in such materials only when and

24  to the extent reasonably necessary for the furtherance of its claims and defenses in

25  this case.  Further, nothing in this Protective Order prevents Outside Counsel for

26  the Receiving Party from using "HIGHLY CONFIDENTIAL – SOURCE CODE"

27  in native form at a deposition of a witness otherwise entitled to view "HIGHLY

28  CONFIDENTIAL – SOURCE CODE," provided such materials are maintained by

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

Outside Counsel for the Receiving Party in an encrypted state during transport to and from the deposition, and that the Outside Counsel for the Receiving Party use such materials only when and to the extent reasonably necessary for the furtherance of its claims and defenses in this case. Except as otherwise permitted by this Protective Order, the Receiving Party will not electronically transmit any of the Designating Party's "HIGHLY CONFIDENTIAL – SOURCE CODE" in any way from the offices of its Outside Counsel. However, nothing in this Protective Order prevents a Receiving Party from making and storing electronic copies of "HIGHLY CONFIDENTIAL – SOURCE CODE" on a computer, provided that in making, storing, and accessing such electronic copies the Receiving Party continues to comply with the provisions of this Protective **Order**. The Receiving Party shall only make electronic copies of "HIGHLY CONFIDENTIAL – SOURCE CODE" to the extent reasonably necessary to facilitate the Receiving Party's furtherance of its claims and defenses in this case. Nonexhaustive examples of permissible reasons for making electronic copies include making copies: (i) for back-up purposes; (ii) so that a Receiving Party may electronically annotate a copy of the "HIGHLY CONFIDENTIAL – SOURCE CODE"; (iii) so that a writable copy of "HIGHLY CONFIDENTIAL – SOURCE CODE" can be used in a development environment tool; and (iv) to provide copies to Experts.

(h)     A Receiving Party (apart from the persons identified in Paragraph 7.3(c), *i.e.*, the Court and its personnel) may only transmit or transport "HIGHLY CONFIDENTIAL – SOURCE CODE" as follows: (a) if physically lodged or filed with the Court, served upon any Party, or sent to any other person authorized under this Protective Order to receive "HIGHLY CONFIDENTIAL – SOURCE CODE," the "HIGHLY CONFIDENTIAL – SOURCE CODE" must be sent (i) in a sealed container via an established overnight, freight, delivery, or messenger service or (ii) via a secure FTP to the extent expressly permitted by this Protective Order; (b) if the "HIGHLY CONFIDENTIAL – SOURCE CODE" is

physically transported for any other purpose, the Receiving Party must retain physical custody and control of the "HIGHLY CONFIDENTIAL – SOURCE CODE" at all times and must store it in a locked, secure location.  A Receiving Party must notify the Designating Party immediately upon learning that the transported "HIGHLY CONFIDENTIAL – SOURCE CODE" did not reach its intended destination.  With respect to sub-paragraphs (a) and (b), except when being physically lodged or filed with the Court, the "HIGHLY CONFIDENTIAL – SOURCE CODE" must be transported on encrypted media.

(i)     Notwithstanding anything to the contrary above, a Receiving Party may store transcripts, recordings, and exhibits (including those associated with depositions, trial, or other proceedings featuring testimony) designated HIGHLY CONFIDENTIAL – SOURCE CODE" on non-encrypted media and may electronically access them from a computer that is connected to the Internet or a network, provided that access to such transcripts, recordings, and exhibits is restricted to a limited number of people or users within the Receiving Party's firm, organization, system, network, etc. by password or by privileges set by an administrator.  Nothing in this Protective Order precludes a Receiving Party from storing on non-encrypted media and accessing from a computer that is connected to the Internet or a network any materials whose portions designated **"HIGHLY CONFIDENTIAL – SOURCE CODE"** have been redacted or otherwise removed.

10.   <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>
<u>PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE," that Party must:

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

(a)     notify in writing, within three business days, the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     notify in writing, within three business days, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[3]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.     <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)     The terms of this **Protective** Order are applicable to information, **documents, items, and things** produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

---

[3]     The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

CODE."  Such information, **documents, items, or things** produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information, **documents, items, or things** requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information, **documents, items, or things** requested; and

3.     make the information, **documents, items, or things** requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information, **documents, items, or things** responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information, **document, item, or thing** in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[4]  Absent a court order to the contrary, the Non-Party shall bear the

---

[4]          The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to **seek to protect** its confidentiality interests in this court.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    burden and expense of seeking protection in this court of its Protected Material.

2      12.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

3      If a Receiving Party learns that, by inadvertence or otherwise, it has

4 disclosed Protected Material to any person or in any circumstance not authorized

5 under this Protective Order, the Receiving Party must immediately**:** (a) notify in

6 writing the Designating Party of the unauthorized disclosures**;** (b) use its best

7 efforts to retrieve all unauthorized copies of the Protected Material**;** (c) inform the

8 person or persons to whom unauthorized disclosures were made of all the terms of

9 this **Protective** Order, and (d) if required by this **Protective O**rder**,** based on the

10 confidentiality of the material disclosed, request such person or persons to execute

11 the "Acknowledgment and Agreement **T**o Be Bound" that is attached hereto as

12 Exhibit A.

13      13.    <u>PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>

14 <u>MATERIAL</u>

15      13.1.   Any production of documents subject to the work product

16 doctrine, the attorney-client privilege, the right of privacy, or any other applicable

17 privilege, shall not constitute a waiver of the protection or privilege, provided that

18 the Designating Party shall notify the Receiving Party in writing of such protection

19 or privilege promptly after the Designating Party discovers such materials have

20 been produced.  After notification is received, the Receiving Party shall within 5

21 business days return to the Designating Party all copies of such documents or

22 destroy them, and shall within 5 business days of notification confirm in writing

23 that all such copies have been returned or destroyed.

24      13.2.   Nothing herein shall prevent the Receiving Party from

25 challenging the propriety of the privilege or protection claimed by promptly filing

26 an appropriate motion with the Court, but the Receiving Party shall not challenge

27 the propriety of the privilege or protection claimed on the grounds that the privilege

28 or protection was waived by production of the documents.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

14.   MISCELLANEOUS

14.1.   <u>Right to Further Relief</u>.  Nothing in this **Protective** Order abridges the right of any person to seek its modification by the court in the future.

14.2.   <u>Right to Assert Other Objections</u>.  By **having stipulated** to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3.   <u>Export Control</u>.  Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere.  The Producing Party shall be responsible for identifying any such controlled technical data, and the Receiving Party shall take measures necessary to ensure compliance.

14.4.   <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Receiving Party's request to file Protected Material under seal pursuant to Local Civil Rule 79-5 is denied by the court, then the Receiving Party shall first give the Designating Party the opportunity to itself seek leave of the court to have the Protected Materials filed under seal before filing the Protected Materials in the public record.

14.5.   <u>Discovery From Experts</u>.  Consistent with Federal Rules of Civil Procedure 26(b)(3)(A) and (B), testifying Experts or consultants shall not be subject

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

to discovery of any draft report in this case or other cases and such draft reports,
notes or outlines for draft reports are also exempt from discovery.  No discovery
can be taken from any Expert or consultant who is not designated under Federal
Rules of Civil Procedure 26(a)(2) and does not testify except to the extent that
Expert or consultant has provided information, opinions or other materials to a
testifying expert, who then relies upon such information, opinions, or other
materials in forming his or her final report, trial, or deposition testimony or any
final opinion offered or to be offered in this case.  No conversations or
communications between Counsel and any Expert or consultant will be subject to
discovery unless the conversations or communications are relied upon by such
expert or consultant  in formulating opinions that are presented in reports or trial or
deposition testimony in this case.  Materials, communications and other information
exempt from discovery under this Paragraph shall be treated as attorney-work
product for the purposes of this litigation and Protective Order.

15.   FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in
Paragraph 4, each Receiving Party must return all Protected Material to the
Producing Party or destroy such material.  As used in this subdivision, "all
Protected Material" includes all copies, abstracts, compilations, summaries, and any
other format reproducing or capturing any of the Protected Material.  Whether the
Protected Material is returned or destroyed, the Receiving Party must submit a
written certification to the Producing Party (and, if not the same person or entity, to
the Designating Party) by the 60 day deadline that:  (1) identifies (by category,
where appropriate) all the Protected Material that was returned or destroyed; and
(2) affirms that the Receiving Party has not retained any copies, abstracts,
compilations, summaries or any other format reproducing or capturing any of the
Protected Material.  Notwithstanding this provision, Counsel are entitled to retain
an archival copy of all pleadings, motion papers, trial, deposition, and hearing

transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

   **IT IS SO ORDERED.**

DATED:  September 19, 2011

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

EXHIBIT A:  ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Protective Order that was issued

by the United States District Court for the Central District of California on

September 19, 2011 in the case of Infoblox Inc v. Bluecat Networks USA Inc et al,

case number 8:10-cv-01962-JVS -MAN.  I agree to comply with and to be bound

by all the terms of this Protective Order, and I understand and acknowledge that

failure to so comply could expose me to sanctions and punishment in the nature of

contempt.  I solemnly promise that I will not disclose in any manner any

information, **document, item, or thing** that is subject to this Protective Order to

any person or entity except in strict compliance with the provisions of this

**Protective** Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms of

this Protective Order, even if such enforcement proceedings occur after termination

of this action.

I hereby appoint _____ [print or type full

name] of _____ [print or type full

address and telephone number] as my California agent for service of process in

connection with this action or any proceedings related to enforcement of this

Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

[printed name]

Signature: _____

[signature]

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW